
FILED

DEC 2 0 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| DAN FLACK,<br><br>    Plaintiff,<br><br>v.<br><br>BAYLOR SCHOOL,<br><br>    Defendant. | Civil Action No. 1:23-cv-303<br>Judge Atchley<br>Mag. Judge Steger<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Dan Flack ("Mr. Flack" or "Plaintiff), by and through undersigned counsel, and files his Complaint against Defendant Baylor School ("Defendant"), showing this Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for equitable relief, back wages, damages, and reasonable attorney fees for Defendant's violation of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

The unlawful employment practices alleged in this Complaint were committed within this District and Division. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this case of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 26, 2022, and the EEOC issued its Notice of Right to Sue on September 26, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America, and consents to the jurisdiction of this court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Tennessee, and at all times material has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

Defendant is a covered employer subject to the jurisdiction of Title I of the ADA in accordance with 42 U.S.C. § 12111(5).

10.

During all times relevant to this Complaint, Defendant has employed fifty (50) or more employees for each working day in each of 20 or more calendar weeks in the one or both of the calendar years 2021 and 2022. Defendant is therefore an "employer" under the ADA in accordance with 42 U.S.C. § 12111(5) and the FMLA in accordance with 29 U.S.C. § 2611(4)(A).

3

11.

Defendant may be served with process by delivering a copy of the summons and complaint to Dallas Joseph at his place of business, 171 Baylor School Road, Chattanooga, TN 37405.

## FACTUAL ALLEGATIONS

12.

Defendant hired Mr. Flack on August 10, 2006, as the Director of Competitive Swimming.

13.

Mr. Flack had a successful employment track record during his tenure with the Defendant.

14.

Specifically, parents enrolled their students with the Defendant for the sole purpose of training under the regime of Mr. Flack.

15.

Mr. Flack suffers from the disabling disease of alcoholism.

16.

In or around February or March 2021, Mr. Flack underwent outpatient treatment.

17.

In or around February 2022, he began seeing therapist, Sean Taylor.

18.

On May 16, 2022, Mr. Flack met with CFO, Dallas Joseph and Athletic Director, Mark Price.

19.

During the meeting, Mr. Flack was informed some parents made a few complaints about him drinking alcohol.

20.

On May 16, 2022, Defendant sent a letter to the swimming membership group indicating that Mr. Flack would be taking leave due to health issues.

21.

Between May 17 and May 25, Mr. Flack communicated with Mr. Jospeh about voluntarily entering a patient treatment facility for treatment of alcoholism.

22.

Mr. Flack disclosed that he had been working with a therapist regarding his drinking.

23.

At the request of Mr. Joseph, Mr. Flack provided him with a letter from his therapist.

24.

Mr. Flack also told Mr. Joseph about other health issues he was having, including trouble with his back and arthritis in his feet.

25.

On May 22, 2022, Mr. Flack notified Defendant, via Mr. Joseph, that he would be undergoing in-patient treatment for his disability.

26.

Defendant indicated that his request for medical leave was approved.

27.

The conversation with Mr. Joseph ended with Mr. Joseph stating, "I guess we'll see you in 30 days then."

28.

On May 25, 2022, Mr. Flack entered an in-patient treatment program, Journey Pure.

29.

On or around June 8, 2022, Mr. Joseph had a telephone conversation with Mr. Flack's wife, Susan Lydon in which they discussed the fact that Mr. Flack was in treatment.

30.

On June 13, 2022, during a telephone call with Mr. Joseph, Mr. Flack was informed that the Defendant has decided to part ways with him, thus he was terminated from his position.

31.

Mr. Joseph also informed him to stay in touch with the college coaches and that Chris Angel wanted to speak with him the next day, however Mr. Flack had limited access to his phone while in treatment.

32.

Mr. Flack was still undergoing treatment when he was terminated from his position.

33.

On June 16, 2022, Swim Swam, one of the largest swimming and social media publications in the World, reported that Mr. Flack was fired by the Defendant while on medical leave.

7

34.

Ms. Lydon thereafter received an email from Mr. Joseph that Plaintiff's daughter's contract would be upheld for the 2022 2023 school year, however she would be ineligible for any TSSAA sport.

35.

On June 23, 2022, Mr. Flack returned home from the treatment program.

36.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext.

37.

Defendant terminated Plaintiff because of his disability and/or because it or it regarded him as disabled.

38.

Others outside the Plaintiff's protected class – i.e., those without a disability – were treated more favorably than Plaintiff.

**CLAIMS FOR RELIEF**

**COUNT I: DISABILITY DISCRIMINATION**

39.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

40.

Plaintiff has a mental or physical health impairment which substantially limits one or more major life activities, including but not limited to concentrating, thinking, and working and major bodily functions, including neurological functions.

41.

Plaintiff's submitted a request for a reasonable accommodation on or about May 22, 2022

42.

Defendant was aware of Plaintiff's disability and regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

43.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

44.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

9

45.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, and/or record of having a disability.

46.

Defendant terminated Plaintiff's employment because of his request for accommodations - i.e. leave to seek treatment for his disability.

47.

By terminating Plaintiff's employment because of his disability (including his need for accommodations), his record of having a disability, and/or Defendant's perception that he had a disability, Defendant violated the ADA, as amended.

48.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

49.

Defendant treated non-disabled employees Plaintiff's protected class more favorably.

50.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment and denying Plaintiff reasonable accommodation constitutes unlawful discrimination on the basis of disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of his ein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

53.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, personal physical injury and physical sickness, emotional distress, inconvenience, humiliation, and other indignities.

54.

Defendant discriminated against Plaintiff, and has exhibited malice or reckless indifference to the federally protected rights of Plaintiff such that Plaintiff is entitled to punitive damages.

55.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## COUNT II: FMLA RETALIATION

56.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

57.

Defendant is an 'employer' as defined by the FMLA.

58.

Plaintiff was an eligible employee under the FMLA.

59.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

60.

12

Plaintiff was employed by Defendant for more than 12 months.

61.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

62.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

63.

Defendant received notice of Plaintiff's need for intermittent protected medical leave on or about May 22, 2022.

64.

Defendant terminated Plaintiff's employment for taking medical leave, and/or to avoid having to accommodate Plaintiff's rights to protected medical leave.

65.

Defendant's termination of Plaintiff's employment was causally related to his attempt to exercise his to protected medical leave pursuant to the FMLA.

66.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for his attempt to exercise his rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

67.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT III: FMLA INTERFERENCE

68.

Plaintiff re-alleges paragraphs 12-38 as if set forth fully herein.

69.

Defendant is an 'employer' as defined by the FMLA.

70.

Plaintiff was an eligible employee under the FMLA.

71.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

14

72.

Plaintiff was employed by Defendant for more than 12 months.

73.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

74.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

75.

Defendant received notice of Plaintiff's need for intermittent protected medical leave on or about May 22, 2022.

76.

Defendant terminated Plaintiff's employment while he was on protected FMLA medical leave, in violation of his right to protected leave and in violation of his right to reinstatement under the FMLA, thereby interfering with those rights.

77.

Defendant's termination of Plaintiff's employment, including his employment benefits, and refusing to reinstate him as an employee constituted unlawful FMLA interference.

78.

As a direct and proximate result of Defendant's unlawful interference under the FMLA, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages for Defendant's reckless, deliberate, and intentional violation of the ADA.

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Liquidated damages in an amount equal to the amounts awardable for lost wages and benefits under the FMLA;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment and post judgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which Plaintiff may be entitled.

Respectfully submitted the ___ day of 12/16/2023.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Tennessee Bar No. 13161
*Motion for Admission pending*
Eastern District of Tennessee

*Attorney for Dan Flack*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com

_____
Dan Flack, for himself

413 Forest Avenue
Chattanooga, TN 37405

17
Case 1:23-cv-00303-CEA-CHS   Document 1   Filed 12/20/23   Page 17 of 18   PageID #: 17

(423) 305-2477
cactusflack@gmail.com